H.F. v State of New York (2026 NY Slip Op 26040)

[*1]

H.F. v State of New York

2026 NY Slip Op 26040

Decided on February 10, 2026

Court Of Claims

Perer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 10, 2026
Court of Claims

H.F., Claimant,

againstThe State of New York, Defendant.

Claim No. 144615

For Claimant:Law Office of Kenneth M. Mollins, P.C.By: Timothy Manning, Esq.For Defendant:LETITIA JAMES, New York State Attorney GeneralBy: Ramona L. Rabeler, Esq., Assistant Attorney General

Abby R. Perer, J.

Claimant H.F. is pursuing a Claim for alleged sexual abuse she suffered while residing at the Taberg Residential Center for Girls, located in Taberg, New York, in Oneida County. With her Claim, the Claimant filed and served a summons that included the following language: "[Claimant] designate[s] Nassau County as Place of Trial" (Claim No. 144615 ["Claim"], Summons at p. 1). The Defendant State of New York ("State" or "Defendant") brings the instant motion to change venue to Oneida County. Claimant's counsel responded, relying on apparently fictitious cases to argue venue is proper in Nassau County because, among other reasons, it is where Claimant resides. The State replied, arguing that the Uniform Rules for the Court of Claims vest the Clerk of Court with the power to designate venue for this Claim. As explained below, because the Claim was originally assigned, and remains assigned, to the Utica District of the Court of Claims, which encompasses Oneida County, the State's motion is denied as moot.
Use of Fictitious Cases by Claimant's CounselBefore turning to Defendant's motion, the Court must address Claimant's counsel's use of fictitious case cites in their filing with this Court. On January 21, 2026, Claimant's counsel, Timothy Manning from the Law Office of Kenneth M. Mollins, P.C., filed an Affirmation in Opposition to Defendant's motion ("Manning Affirmation"). When reviewing the Manning Affirmation, the Court was unable to locate four Court of Claims cases cited therein. In addition, multiple other authorities cited in the Manning Affirmation did not appear to support the [*2]arguments being made, including, inter alia, Court of Claims Act § 9 (2) (which was cited by Mr. Manning for the proposition that venue is proper where a claimant resides, even though the text of the section says nothing about venue or a claimant's residence) and Lepkowski v State of New York (1 NY3d 201 [2003]). As a result, on January 28, 2025, the Court wrote to Claimant's counsel requesting copies of the four Court of Claims cases that could not be located. Claimant's counsel failed to respond to that communication. 
Claimant's counsel's use of apparently fictitious cases is not only a violation of their ethical obligations, but a deeply troubling act of disrespect to their client, opposing counsel, and the court process (see Deutsche Bank Natl. Trust Co. v LeTennier, — AD3d —, 2026 NY Slip Op 00040, *3 [3d Dept 2026] ["there are many harms associated with the submission of fake cases that extend beyond merely wasting the time and money of the opposing party, but also in taking up the court's resources to evaluate and resolve the deception"]; Grymes Dev. Co. v Fodera, 2025 NY Slip Op 25245, *2, *4 [Sup Ct, Richmond County 2025], citing Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.3 [a] [1] ["At a minimum, a lawyer has an ethical obligation and duty to refrain from knowingly make a false statement of fact or law to the Court."]). "[E]very attorney has an ongoing responsibility to review and ensure the accuracy of filings with this and other courts. This includes checking that all case law cited in a brief actually exists and supports the points being made" (Augustin v Formula 3 Brooklyn Inc., 86 Misc 3d 1236[A], 2025 NY Slip Op 5113[U], *4 [Sup Ct, Kings County 2025] [citation omitted]). To address the conduct by Claimant's counsel, and hopefully deter similar future conduct, the Court will strike the Manning Affirmation from the record and will not consider it for purposes of deciding Defendant's motion.
In the event Claimant's counsel utilizes fictitious cases in any other filings before this Court, the Court will, at a minimum, impose economic sanctions and refer counsel to the appropriate attorney grievance committee (see 22 NYCRR 130-1.1; Deutsche Bank Natl. Trust Co., 2026 NY Slip Op 00040, *4; Grymes Dev. Co., 2025 NY Slip Op 25245, *2, *4-5 ["A motion predicated on a 'non-existent case' is a frivolous filing within the meaning of the Rules of the Chief Administrator for the imposition of sanctions."]).
Defendant's Motion (M-103087)Turning to the substance of Defendant's motion to change venue, the Court must begin by explaining the venue assignment process in the Court of Claims. The Court of Claims is divided into eight districts, with each district encompassing multiple counties (see 22 NYCRR 206.4 [a]). The Utica District encompasses, among other counties, Oneida County (see id.). Upon the filing of a claim, the Chief Clerk of the Court of Claims assigns the claim to the district in which the claim arose (see id.). "[U]nlike actions commenced in State Supreme Court, where a plaintiff initially designates the venue of his lawsuit, in the Court of Claims the claimant does not have any part in selecting the place of trial" (Ken-Vil Assoc. Ltd. Partnership v New York State Div. of Human Rights, UID No. 2012-030-566, Claim No. 120104 [Ct Cl, Scuccimarra, J., Sept. 21, 2012]; see Warney v State of New York, 16 NY3d 428, 435 [2011] [CPLR only applies in the Court of Claims to issues not governed by the Court of Claims Act or Uniform Rules for the Court of Claims]).
Here, the alleged misconduct by the Defendant occurred primarily within Oneida County at the Taberg Residential Center for Girls in Taberg, New York (see Claim ¶¶ 7-38). Accordingly, the Clerk properly assigned this Claim to the Utica District (see 22 NYCRR 206.4 [*3][a]). The attempted designation of Nassau County (or the New York District) as the place of trial has no effect on the assignment or the location of trial (see Warney, 16 NY3d 428 at 434-435; Court of Claims Act § 9 [9]; 22 NYCRR 206.1 [c]). Neither Claimant nor the Court has identified any real precedent suggesting that CPLR 503 or 509 apply to Court of Claims cases to warrant a different conclusion.
If Claimant wanted to request a change of venue of this Claim, Claimant would have needed to make a motion or cross-motion to change venue (see 22 NYCRR 206.4 [b]; see also CPLR 510), showing that the current venue is improper. Claimant did not do so. 
Accordingly, it is hereby
ORDERED that Defendant's motion for change of venue (M-103807) is DENIED as moot, and the Claim will remain venued in the Utica District.
February 10, 2026Syracuse, New YorkABBY R. PERERJudge of the Court of Claims
Papers Considered:Claim No. 144615, with Summons, dated September 17, 2025.Defendant's Notice of Motion to Change and/or Designate Proper Venue, dated November 17, 2025.Affirmation of Ramona L. Rabeler, Esq. in Support of Defendant's Motion to Change and/or Order Designation of Proper Venue, dated November 17, 2025, with attached Exhibit A.Reply Affirmation of Ramona L. Rabeler, Esq. in Support of Defendant's Motion to Change and/or Order Designation of Proper Venue, dated January 27, 2026.
Papers Reviewed but Stricken:1. Affirmation of Timothy Manning, Esq. in Opposition, dated January 21, 2026, with attached Exhibit 1.